# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2944

_____

United States of America,          *
                              *

          Appellee,          *
                              *   Appeal from the United States
     v.                *   District Court for the
                              *   Eastern District of Missouri.

Anne Eley,                *
                              *   [UNPUBLISHED]
          Appellant.       *

_____

Submitted: June 3, 2009
Filed: June 9, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Anne Eley, a dual citizen of Switzerland and England, appeals the district court's[1] judgment entered after a bench trial finding her guilty of marriage fraud, in violation of 8 U.S.C. § 1325(c). The district court sentenced Eley to 6 months in prison and 2 years of supervised release. In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel challenges the sufficiency of the evidence. For the reasons that follow, we affirm.

_____

[1]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

We review the sufficiency of the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, accepting all reasonable inferences that support the verdict, and neither weighing the evidence nor assessing credibility of witnesses. See United States v. White, 506 F.3d 635, 641 (8th Cir. 2007) (standard of review for sufficiency-of-evidence challenge after bench trial is same as standard applied when reviewing jury verdict; if district court's account of evidence is plausible in light of record in its entirety, court of appeals may not reverse even if convinced it would have weighed evidence differently had it been sitting as trier of fact ). We find no basis upon which to disturb the district court's decision to credit the testimony of Billy Joe Middleton, who testified that he and Eley entered into a sham marriage with the understanding that she would help him financially and he would help her establish legal residency in the United States. See United States v. Boyd, 180 F.3d 967, 979 (8th Cir. 1999) (court of appeals will not disturb district court's finding on credibility of witness). This testimony, along with evidence that Eley understood her immigration status had changed after she and her first husband divorced, was sufficient to support the verdict. See 8 U.S.C. § 1325(c); United States v. Anwar, 428 F.3d 1102, 1108-09 (8th Cir. 2005); United States v. Vickerage, 921 F.2d 143, 144 (8th Cir. 1990) (marriage fraud involves entering into sham marriage to circumvent and evade immigration laws). We do not consider Eley's pro se arguments challenging her counsel's performance. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings).

Following our independent review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____